

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00340-CR

ROLANDO D. BECKS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 443rd District Court
Ellis County, Texas[1]
Trial Court No. 46772CR, Honorable Cynthia Ermatinger, Presiding

May 20, 2024

## ORDER OF ABATEMENT AND REMAND

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Rolando D. Becks, appeals his conviction for sexual assault[2] and sentence to twenty years of confinement. Appellant's brief was originally due February 5, 2024, but we granted Appellant's appointed counsel three extensions to file a brief due to caseload. By letter of April 8, 2024, we admonished counsel that no further extensions

---

[1] Originally appealed to the Tenth Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] *See* TEX. PENAL CODE ANN. § 22.011(a)(1).

would be granted and that failure to file a brief by May 6 would result in the appeal being abated and the cause remanded to the trial court for further proceedings without further notice. To date, Appellant's counsel has not filed a brief or had any further communication with this Court.

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court shall determine the following:

(1) whether Appellant still desires to prosecute the appeal;

(2) whether Appellant is indigent;

(3) if appellant is not indigent, whether Appellant has made the necessary arrangements for filing a brief;

(4) why a timely appellate brief has not been filed on Appellant's behalf;

(5) whether Appellant's counsel has abandoned the appeal;

(6) whether Appellant has been denied the effective assistance of counsel;

(7) whether new counsel should be appointed;

(8) if Appellant desires to continue the appeal, the date the Court may expect Appellant's brief to be filed.

The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by June 20, 2024. If it is determined that Appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint him new

2

counsel; the name, address, email address, telephone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

Should Appellant's counsel file a brief on or before June 3, 2024, she is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.